## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID S. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-02359-JWL-GLR |
| ) | |
| THE UNIVERSITY OF KANSAS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS

Defendants submit this memorandum in support of their motion to dismiss. As set forth below, Plaintiff's attempts at service of process on this case were defective as to each Defendant, and dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(5). Because Plaintiff failed to properly serve Defendants, the Court lacks personal jurisdiction and dismissal is also appropriate pursuant to Fed. R. Civ. P. 12(b)(2).

## I.      Statement of Facts

Defendants submit the following statement of facts in support of their motion to dismiss:

1.      The Complaint herein was filed on June 22, 2017. That Complaint which incorporated the Second Amended Complaint from plaintiff's previous lawsuit, Case No. 14-cv-2420-SAC-KGS, against the Defendants. (ECF 1)

2.      On June 23, 2017, the Court issued a summons as to each of the Defendants – Bernadette Gray-Little, Joseph Heppert, University of Kansas, University of Kansas Center for Research, Inc., Jeffrey Vitter, and Steven Warren. (*See* June 23, 2017 Docket Entry)

3.      On June 29, 2017, Vitter received a certified-mailing envelope addressed to his attention at: Office of the Chancellor, Lyceum 123, University of Mississippi, P.O. Box 1848, University, MS 38677. This is the mailing address for Vitter's place of business, and is not the address for his dwelling or usual place of abode. (Exhibit 1, Vitter Declaration)

4.      Vitter opened the envelope, which contained the two-page summons issued by the Court. The envelope contained no other attachments or additional enclosures. (Exhibit 1, Vitter Declaration)

5.      On June 28, 2017, Heppert received a certified-mailing envelope addressed to his attention at: Youngberg Hall 211, 2385 Irving Hill Road, Lawrence, KS 66045. (Exhibit 2, Heppert Declaration) This is the mailing address for Heppert's place of business at the University of Kansas, and is not the address for his dwelling or usual place of abode.

6.      Heppert opened the envelope, which contained the two-page summons issued by the Court. The envelope contained no other attachments or additional enclosures. (Exhibit 2, Heppert Declaration)

7.      On July 6, 2017, Warren received a certified-mailing envelope addressed to his attention at: Dole Human Development Center, 1000 Sunnyside Avenue #3045, Lawrence, KS 66045-7565. (Exhibit 3, Warren Declaration) This is the mailing address for Warren's place of business at the University of Kansas, and is not the address for his dwelling or usual place of abode.

8.      Warren opened the envelope, which contained the two-page summons issued by the Court. The envelope contained no other attachments or additional enclosures. (Exhibit 3, Warren Declaration)

9.      Laurie White is an Administrative Assistant in the Office of Research at the University of Kansas. (Exhibit 4, White Declaration)

10.     On July 5, 2017, White received a certified-mailing envelope addressed to Kansas University Center for Research, Inc., Youngberg Hall, 2385 Irving Hall Road, Lawrence, Kansas, 66045. (Exhibit 4, White Declaration)

11.     White opened the envelope, which contained the two-page summons issued by the Court. The envelope contained no other attachments or additional enclosures. (Exhibit 4, White Declaration)

12.     Toni R. McMillen is an Administrative Assistant to the General Counsel at the University of Kansas. (Exhibit 5, McMillen Declaration)

13.     On June 27, 2017, McMillen received a certified-mail envelope addressed to Kansas University, c/o General Counsel James Pottorf, Office of the Chancellor, Strong Hall, 1450 Jayhawk Blvd 230, Lawrence, KS 66045. (Exhibit 5, McMillen Declaration)

14.     McMillen opened the envelope, which contained the two-page summons issued by the Court. The envelope contained no other attachments or additional enclosures. (Exhibit 5, McMillen Declaration)

15.     Melissa Smith Rhodes is an Administrative Assistant to the Chancellor at the University of Kansas. (Exhibit 6, Rhodes Declaration)

16.     On June 27, 2017, Rhodes received a certified-mail envelope addressed to Bernadette Gray-Little, Office of the Chancellor, Strong Hall, 1450 Jayhawk Blvd Room 230, Lawrence, KS 66045. (Exhibit 6, Rhodes Declaration) This is the mailing address for Gray-Little's place of business at the University of Kansas, and is not the address for her dwelling or usual place of abode.

17.    Rhodes opened the envelope, which contained the two-page summons issued by the Court. The envelope contained no other attachments or additional enclosures. (Exhibit 6, Rhodes Declaration)

## II.    Standard for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(5), the Court may dismiss a complaint for insufficient service of process. "The burden is on the plaintiff to make a prima facie showing that it satisfied the statutory and due process demands for the court to exercise jurisdiction." *Solis v. La Familia Corp.*, No. 10-02400-EFM, 2011 WL 2531140, at *2 (D. Kan. June 24, 2011) ; *and see Carrothers Const. Co., Inc. v. Quality Service & Supply, Inc.*, 586 F.Supp. 134, 135-36 (D.Kan. 1984). Parties are allowed to submit affidavits or declarations in support of a motion to dismiss pursuant to Rule 12(b)(5). *Solis,* at *2; *Carrothers Const.* 586 F.Supp. at 136. The parties may submit affidavits and other documentary evidence for the court's consideration. *Solis,* at *2; *and see Slawson v. Hair*, 716 F.Supp. 1373, 1374 (D.Kan. 1989).  the court must give the plaintiff the benefit of any factual doubt where they are contested. *Solis,* at *2; *and see Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan. 1979).

## III.    Issues Presented

I.    Plaintiff failed to effect proper service on any defendant and, therefore, the court lacks personal jurisdiction over any defendant. The case should, therefore, be dismissed.

## IV.    Arguments and Authorities

Defendants move the Court for an order dismissing this case pursuant to Fed. R. Civ. P. 12(b)(2) and (5) based upon lack of personal jurisdiction and insufficient service of process. Plaintiff failed to effect proper service of process on any of the Defendants in this case by failing to comply with Rule 4(c) and (e). Because Plaintiff failed to properly serve the Defendants, the

Court lacks personal jurisdiction over them, and the case should be dismissed pursuant to Rule 12(b)(2).

A.       **Plaintiff failed to comply with Rule 4 in serving the Defendants.**

Service of process in federal actions is governed by Fed. R. Civ. P. 4. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). This rule "serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) (citations omitted). "Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Id.* (citing *Omni Capital Int'l*, 484 U.S. at 104 (further citations omitted)).

1.       **Service of process was insufficient as to all Defendants because Plaintiff failed to comply with Rule 4(c).**

Plaintiff filed his Complaint on June 22, 2017. On June 23, 2017, the Court issued summons directed at each of the Defendants. Plaintiff served copies of the summons through the United States Postal Service on each of the Defendants, but did not serve any of the Defendants with a copy of the Complaint, as required by Rule 4(c)(1).

Although Plaintiff is proceeding pro se, he "is still obligated to follow the requirements of [Rule] 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). *See also* D. Kan. Rule 83.5.4(g) (noting that a party appearing on his or her own behalf without an attorney is "expected to read and be familiar with . . . the relevant Federal rules of Civil Procedure . . . and to proceed in accordance with them."). Plaintiff's failure to serve a copy of the Complaint with the summons in this case invalidates the attempted service of process against the Defendants, warranting dismissal of the complaint for improper service of process. *See Lundahl v. American Family Mut. Ins. Co.*,

No. 15-CV-90, 2016 WL 8798474, *3 (D. Wyo. Feb. 16, 2016) (citing *Ostler v. Utah*, 105 Fed. Appx. 232, 234 (10th Cir. 2004)) and *Doe v. Holy See*, No. 13–128, 2014 WL 1329985, *5–6 (E.D. La. Apr. 2, 2014)).

  **2.**  **Service of process was insufficient as to Defendants Gray-Little, Vitter, Warren, and Heppert because Plaintiff failed to comply with Rule 4(e).**

  Plaintiff sues Defendants Bernadette Gray-Little, David Vitter, Steven Warren and Joseph Heppert as individuals, either in their official capacities or personal capacities.  With regard to each of these individuals, the failure to effect proper service involves not only the failure to provide a copy of the complaint with the summons (discussed, *supra*) but also the failure to serve process in a manner approved by Rule 4(e).

  Service of process on an individual residing within a judicial district of the United States is governed by Rule 4(e). Individuals must be served either by one of the methods set forth in Rule 4(e)(2) or in a manner provided for by state law in the state in which the case is pending. Plaintiff attempted to serve process in this case by mailing a copy of the summons by certified mail through the United States Postal Service to the individuals at their place of work. This method of service does not comply with any of the provisions for serving an individual set forth in Rule 4(e)(2) or in K.S.A. 60-304, which sets for the methods for serving an individual under Kansas law. *See Schwab v. State of Kansas*, 2016 WL 4039613 at *4 (D. Kan. July 28, 2016). Therefore, service of process on Defendants Gray-Little, Vitter, Warren, and Heppert was insufficient and this case should be dismissed pursuant to Rule 12(b)(5).

  **B.**  **The Court lacks personal jurisdiction over the Defendants.**

  "A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4." *Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL 6739595, at *1 (D. Kan. Dec. 22, 2011) (citation omitted). As set forth above, Plaintiff has failed to properly

effect service under the requirements set forth in Rule 4. Therefore, the Court lacks personal jurisdiction over the Defendants and this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**V.      Conclusion**

For the reasons set forth above, Plaintiff's attempt to serve process on Defendants failed to comply with Fed. R. Civ. P. 4, and dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff's failure to properly effect service on Defendants deprives this Court of personal jurisdiction over the Defendants, and dismissal is also appropriate pursuant to Fed. R. Civ. P. 12(b)(2).

FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street
Topeka, Kansas  66606
Office:  (785) 232-7761 | Fax: (785) 232-6604
E-Mail:    dcooper@fisherpatterson.com
           kgrauberger@fisherpatterson.com

**s/David R. Cooper**
David R. Cooper                        #16690
Kevin J. Grauberger                    #18763
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing on the 1st day of August, 2017, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record. I further certify that I caused the foregoing document and notice of electronic filing to be mailed by first-class mail to the following non-CM/ECF participant:

David S. Moore, Ph.D., 17222 West 70th Street, Shawnee Mission, Kansas 66217

**s/David R. Cooper**
David R. Cooper

112.30413

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DAVID S. MOORE,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )        Case No. 2:17-cv-02359-JWL-GLR
                                         )
THE UNIVERSITY OF KANSAS, ET AL.,        )
                                         )
                    Defendants.          )

---

**INDEX OF EXHIBITS TO MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Exhibit 1, Vitter Declaration

Exhibit 2, Heppert Declaration

Exhibit 3, Warren Declaration

Exhibit 4, White Declaration

Exhibit 5, McMillen Declaration

Exhibit 6, Rhodes Declaration