IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID S. MOORE,

    Plaintiff,

    v.

THE UNIVERSITY OF KANSAS, ET AL.,

    Defendants.

Case No. 17-CV-02359-JAR-GLR

## MEMORANDUM & ORDER

Plaintiff David Moore brings this action *pro se*, alleging that Defendants have violated his rights under the Americans with Disabilities Act and other federal statutes in connection with the termination of his employment at the University of Kansas.[1] On August 1, 2017, Defendants Jeffrey Vitter, Bernadette Gray-Little, Steven Warren, Joseph Heppert, the University of Kansas Center for Research, Inc., and the University of Kansas filed a Motion to Dismiss (Doc. 5) pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2), arguing that Plaintiff has failed to effectuate proper service of process and that this Court therefore lacks personal jurisdiction over Defendants. Although Plaintiff's opposition to Defendants' motion to dismiss was due on August 22, 2017 pursuant to the Court's Local Rule 6.1(d)(2), Plaintiff has filed no opposition to date. Having considered Defendants' motion to dismiss and the declarations attached thereto, the Court is prepared to rule. Because Defendants' motion is unopposed, and for the additional reasons set forth below, Defendants' motion is granted and this case is dismissed without prejudice.

---

[1] This case appears to be a refiling of a previous lawsuit in this District against the University of Kansas, Jeffrey Vitter, Steven Warren, and Joseph Heppert that Plaintiff voluntarily dismissed without prejudice in December 2016 after more than two years of litigation. *See Moore v. Univ. of Kan., et al.*, Case No. 14-CV-02420-SAC-KGS (D. Kan.) (Dec. 30, 2016 order granting motion for voluntary dismissal but imposing binding conditions upon future litigation same issues).

Pursuant to Fed. R. Civ. P. 12(b)(5), a defendant in a federal action may move to dismiss the plaintiff's claims when the plaintiff has failed to effectuate proper service of process.[2] Under Fed. R. Civ. P. 12(b)(2), a defendant may also move for dismissal on the basis of lack of personal jurisdiction.[3] Because a federal court lacks personal jurisdiction over a defendant if the plaintiff has failed to effectuate proper service, these two provisions of Fed. R. Civ. P. 12 may be asserted together as joint bases for dismissal.[4] When a defendant moves to dismiss on the basis of insufficient service of process, "the burden shifts to the plaintiff to make a prima facie showing that he served process properly."[5] In ruling on a Rule 12(b)(5) motion to dismiss, the Court "may consider any 'affidavits and other documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a plaintiff's favor."[6] Because Plaintiff in this case proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[7] However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[8]

Plaintiff filed his Complaint on June 22, 2017.[9] On June 23, 2017, the Court issued a summons to each of the Defendants.[10] For each individual person named as a defendant in this

---

[2] Fed. R. Civ. P. 12(b)(5).

[3] Fed. R. Civ. P. 12(b)(2).

[4] *See Hagan v. Credit Union of Am.,* No. 11-1131-JTM, 2011 WL 6739595, at *1 (D. Kan. Dec. 22, 2011); *see also Schwab v. State of Kan.*, Case No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) ("Motions to dismiss under Rule 12(b)(2) and Rule 12(b)(5) . . . go hand-in-hand.").

[5] *Schwab,* 2016 WL 4039613, at *3 (citing *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. 2008)).

[6] *Id.* (citation omitted).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[8] *Barnes v. U.S.*, 173 F. App'x 695, 697–98 (10th Cir. 2006) (citing *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *see also* D. Kan. Local Rule 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[9] Doc. 1.

action—Defendants Vitter, Gray-Little, Warren, and Heppert—Plaintiff sent the summons, but not his Complaint, by certified mail to the individual's business addresses.[11] As to the remaining Defendants—the University of Kansas Center for Research, Inc. and the University of Kansas—Plaintiff sent the summons by certified mail to the entity's business address but, again, did not include a copy of his Complaint.[12]

Fed. R. Civ. P. 4 governs what a plaintiff must do to properly serve process in a federal action.[13] "The personal service requirements of this rule 'serve[ ] two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit.'"[14] As relevant to this case, Rule 4 provides that "[a] summons must be served with a copy of the complaint."[15] The rule further states that:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[10] June 23, 2017 docket entry.

[11] *See* Doc. 6-1 (Declaration of Jeffrey S. Vitter); Doc. 6-6 (Declaration of Melissa Smith Rhodes, Administrative Assistant to Chancellor Gray-Little); Doc. 6-3 (Declaration of Steven F. Warren); Doc. 6-2 (Declaration of Joseph A. Heppert).

[12] *See* Doc. 6-4 (Declaration of Laurie White, Administrative Assistant in the Office of Research at the University of Kansas); Doc. 6-5 (Declaration of Toni R. McMillen, Administrative Assistant to General Counsel at the University of Kansas).

[13] *Schwab*, 2016 WL 4039613, at *3 (citing *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987)).

[14] *Id.* (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992).

[15] Fed. R. Civ. P. 4(c)(1).

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[16]

Thus, with regard to service upon individuals, Rule 4 provides that the plaintiff may serve the defendant or defendants either in accordance with the law of the state where the district court is located or according to one of the methods allowed by Rule 4(e)(2). Kansas law provides for service "by return receipt delivery, which is effected by certified mail. . . ."[17] With regard to service upon individuals, Kansas law requires that:

> Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode . . . . If the sheriff, party, or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party, or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.[18]

Finally, under Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve process on the defendant or defendants.[19] If the plaintiff fails to effectuate service within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."[20]

---

[16] Fed. R. Civ. P. 4(e).

[17] K.S.A. § 60-303(c).

[18] K.S.A. § 60-304(a).

[19] Fed. R. Civ. P. 4(m).

[20] *Id.*

In this case, Plaintiff has not effectuated proper service within the 90 days allowed by Rule 4, nor has he shown good cause for his failure to do so. Under Fed. R. Civ. P. 4(c)(1), Plaintiff's failure to include his Complaint with the summons he mailed to each Defendant means that he failed to effectuate proper service of process upon Defendants in this case.[21] Further, neither Rule 4(e) nor Kansas law permits a plaintiff to serve process on an individual named as a defendant by certified mail to the individual's business address without first attempting to serve that person at his or her "dwelling or usual place of abode."[22] Although Kansas law requires only "substantial compliance" with service of process requirements,[23] a plaintiff does not substantially comply with K.S.A. § 60-304(a) where he serves an individual at his or her business address without first (1) demonstrating that service was refused or unclaimed at the defendant's dwelling place, and (2) filing a return of service stating such.[24] Consequently, Plaintiff has failed to effectuate proper service upon Defendants Vitter, Gray-Little, Warren, and Heppert not only because he failed to include a copy of his Complaint with the summons, but also because he did not first attempt service upon these individuals at their dwelling places.

---

[21] Fed. R. Civ. P. 4(c)(1).

[22] Fed. R. Civ. P. 4(e); K.S.A. § 60-304(a).

[23] K.S.A. § 60-204 ("Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property."); *see also Settle v. Diversified Consultants, Inc.*, No. 2:13-CV-02606-EFM-GL, 2014 WL 1607589, at *3 (D. Kan. Apr. 22, 2014) (stating that substantial compliance means "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute") (citing *Fisher v. DeCarvalho*, 314 P.3d 214, 219 (Kan. 2013)).

[24] *See Coffman v. Hutchinson Cmty. Coll.*, Case No. 17-4070-SAC, 2017 WL 4222981, at *3 (D. Kan. Sept. 22, 2017) (finding ineffective service of process where individuals were served at their business address with no prior attempt to serve at their dwelling places); *Schwab*, 2016 WL 4039613, at *4 (finding no substantial compliance with K.S.A. § 60-304(a) where plaintiff served the defendant "at his business address and never attempted to serve him at his dwelling house or usual place of abode."); *Wanjiku v. Johnson Cty.*, 173 F. Supp.3d 1217, 1229 (D. Kan. 2016) (finding ineffective service of process where plaintiff served defendant at business address without first attempting service at dwelling place, despite accepting as true plaintiff's allegation that defendant's home address was not publicly available); *Settle*, 2014 WL 1607589, at *3 (finding no substantial compliance with § 60-304(a) where "[p]laintiff did not first attempt to serve [defendant] at his dwelling house or usual place of abode, nor did [p]laintiff file a return on service indicating that delivery at [defendant's] dwelling house or usual place of abode was refused or unclaimed. . . .").

Because service of process is insufficient, and because the Court therefore lacks personal jurisdiction over Defendants, this case is dismissed without prejudice pursuant to Rules 12(b)(5) and 12(b)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 5) is **granted** and this case is dismissed without prejudice as to all Defendants.

**IT IS SO ORDERED.**

Dated: October 5, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE